Quan NGUYEN, Plaintiff—Appellant,

v.

Kenneth S. APFEL, Commissioner, of
Social Security, Defendant—
Appellee.

No. 00–35488.
D.C. No. CV–99–05216–FDB(BWM).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2002.

Decided Nov. 27, 2002.

Before CANBY, KLEINFELD, and
PAEZ,* Circuit Judges.

---

* Judge Paez was drawn to replace the Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation. He has read the briefs, reviewed the record, and listened to the tape of oral argument held on February 8, 2002.

## MEMORANDUM**

Plaintiff Quan Nguyen ("Nguyen") appeals the district court's order affirming the Social Security Commissioner's denial of his claims for Social Security Disability benefits and Supplemental Security Income between 1995 and 1997. He contends that the ALJ erred by (1) finding his testimony not credible, and by (2) not considering the lay testimony of Thanh Chu ("Chu") in evaluating his residual functional capacity or giving specific reasons for rejecting Chu's testimony.[1] We agree and therefore vacate the district court's judgment and remand for further proceedings consistent with this disposition.

We review *de novo* a district court order affirming an ALJ's denial of disability benefits. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.2002).

### I.

■ The ALJ concluded that Nguyen's "statements concerning his impairment and its impact on his ability to work are not entirely credible." A review of the administrative record, in particular the transcript of the hearing, suggests, however, that there were language barriers precluding an accurate credibility determination. We conclude that the ALJ's credibility ruling with respect to Nguyen was erroneous in light of his apparent inability to understand Nguyen's testimony.

■ Moreover, the ALJ's credibility determination is not supported by substantial evidence. For example, Nguyen's statements that he had no appetite, thought about suicide, suffered from insomnia, and preferred to be alone most of the time were consistent with both medical reports

and Chu's testimony regarding Nguyen's depression and its effect on his ability to work. Similarly, Nguyen's comment that he could not stand up by himself and that his leg injury was worsening was consistent with medical reports stating that he could stand for only a few hours per day.

On remand, the ALJ should obtain the assistance of a translator fluent in Vietnamese and reevaluate Nguyen's testimony in light of the other evidence in the administrative record regarding his various medical conditions.

### II.

Nguyen also argues that it was error for the ALJ to disregard Chu's lay testimony regarding the extent of his mental impairment. We agree.

■ "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence, and therefore *cannot* be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996) (italics in original and internal citations omitted); *see also Regennitter v. Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1298–99 (9th Cir.1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record."); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir.1993) ("[W]e have held that friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his] condition."). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are ger-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In light of our determination on the credibility issue, we find it unnecessary to reach the other issues Nguyen raises on appeal.

mane to each witness." *Dodrill,* 12 F.3d at 919.

■ Chu submitted a written statement in which he opined:

> I do not think that Quan can work, because of his health, his leg and his mind. He doesn't remember things. He forgets. He is too sad. He says he wants to die, and that he doesn't like living. If I was a supervisor, I wouldn't hire him because of these problems.

The ALJ disregarded this testimony without comment. We hold that Chu's testimony was relevant to a determination of Nguyen's residual functional capacity and that it was reversible error for the ALJ to disregard this testimony without providing legitimate reasons for doing so.

On remand, the ALJ must reconsider Chu's testimony that Nguyen was incapable mentally to perform his prior work duties. If the ALJ determines that Chu is not credible, he must state the reasons for this conclusion.

### III.

We reverse and remand to the district court to remand to the ALJ.

REVERSED and REMANDED.

---

\* Honorable Phyllis J. Hamilton, United States District Court Judge for the Northern District of California, sitting by designation.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.